IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL CHULHIE KIM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 13-363 |
| INTERNAL REVENUSE SERVICE | : | |

**MEMORANDUM**

Ludwig, J.                                                                                    January 31 , 2013

Plaintiff Paul Chulhie Kim sues the Internal Revenue Service ("IRS") for its failure to hire him. He asks for leave to proceed in forma pauperis and requests appointment of counsel. For the following reasons, he will be permitted to proceed in forma pauperis, but his complaint must be dismissed and his request for counsel denied.

**I.    FACTS**

In "approximately 1989," plaintiff attended a job session at an IRS office in Philadelphia. Complaint, ¶ III.B. He was informed to become a computer data entry clerk, he would need to take a federal exam and receive a rating for a particular pay grade. According to a brochure given to him, the government would select the highest scoring applicants. Plaintiff also was advised by federal employers that the federal government accords preference to military veterans, which he believed gave him an advantage because of his service in the Navy.

Plaintiff took the exam and received a score of 100 percent. Id., ¶ III.C. However, "[t]he IRS never gave [him] a job or interview [and] never forwarded [his] application to another agency for consideration." Id. The complaint alleges

that he "[has] been waiting 24 years now," and that because of his long-term unemployment he has suffered numerous health problems, including "starvation, heart attacks, heart failure, kidney failure, liver failure, pneumonia, seizures, cancer [and] mental illness." Id. The complaint further notes that he has been diagnosed with "paranoid schizophrenia." Id., ¶ IV.

Plaintiff filed this lawsuit on January 15, 2013, alleging "employment discrimination by [a] federal agency." Id., ¶ II.B. He asks the Court to "lift the statute of limitations" because, among other things, the attorneys whom he consulted would not take his case or told him that he did not have a case. The complaint claims $20 million in damages to "restore [plaintiff's] trust in the American people and restore confidence in [his] natural United States citizenship." Id. ¶ V.

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from suit.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which calls on the district court to determine whether the complaint

contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). Furthermore, because he is pro se, plaintiff's allegations must be construed liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). However, if an affirmative defense is obvious on the face of the complaint as a matter of law, the Court may dismiss any facially invalid claim sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).

### III. DISCUSSION

Here, the complaint appears to be attempting to state a claim for employment discrimination under federal law[1] but does not reflect the basis upon which plaintiff believes the IRS discriminated against him. Regardless, any claim of employment discrimination is barred. In Pennsylvania, a plaintiff is required to administratively exhaust claims of employment discrimination by filing a charge with the Equal Employment Opportunity Commission within 300 days of the allegedly unlawful employment practice. See generally Mandel v. M & Q Packaging Corp., — F.3d — , 2013 WL 141890, at *5 (3d Cir. Jan. 14,

---

[1] Federal law prohibits discrimination in employment on the basis of race, color, religion, sex, national origin, disability, and age. See 42 U.S.C. § 2000e-16; 42 U.S.C. § 12112; 29 U.S.C. § 633a.

2013) ("To bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice."); Watson v. Eastman Kodak Co., 235 F.3d 851, 852 (3d Cir. 2000) ("Under federal law, a complainant has 300 days from the date of the adverse employment decision to file a claim with the [EEOC]."). If the plaintiff thereafter seeks to bring an employment discrimination claim in federal court, he must do so within 90 days of receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-16(c); 42 U.S.C. § 12117; McCray v. Corry Mfg. Co., 61 F.3d 224, 227 (3d Cir. 1995).

Here, the complaint acknowledges that the allegedly unlawful employment practice took place more than two decades ago and that plaintiff sought to bring a claim around that time, but apparently was dissuaded from doing so by attorneys he consulted. Given that plaintiff has not filed a charge of discrimination with the EEOC, he has not exhausted administrative remedies and is far beyond the time period for doing so now. See Farris v. Shinseki, 660 F.3d 557, 563 (1st Cir. 2011) ("[F]ailure to comply with an agency's applicable time limit may expose the plaintiff's federal law suit to dismissal . . . ."). If plaintiff filed a timely charge with the EEOC and received a right-to-sue letter, but delayed filing his claim in federal court until more than two decades later, his lawsuit is still grossly untimely.

Indeed, plaintiff acknowledges his claims are time-barred. His complaint asks the court to toll the limitations period as follows:

> I am asking the court to lift the statute of limitations because I tried to bring a claim over 20 [years] ago but the Korean lawyers in [Philadelphia] were telling me I had no case. I suffered from exhaustion due to military training & schooling. I was a Harvard scholar, law student, varsity athlete and concert pianist among other things, but still could not find a job. My father demanded I commit suicide & my brothers insisted many times that I be thrown out of the house. Because of SSI benefits I have gained some strength finally to bring suit. Even today almost all the white men attorneys told me they couldn't help me. The Montco. Bar Assoc. will not return my calls. Finally one lawyer recommended I find an [attorney] who handled federal matters.

Id., ¶ V.

The statutes of limitations governing employment discrimination cases are subject to equitable tolling "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)); see also Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007). "In addition, 'equitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim.'" Ruehl, 500 F.3d at 384 (quoting In re Mushroom Transp. Co., 382 F.3d 325, 339 (3d Cir. 2004)).

It is apparent from the complaint that plaintiff was aware of the facts underlying his claims more than 20 years ago. That plaintiff was unable to find an attorney to represent him and that he was advised he had no case, do not constitute extraordinary circumstances that would excuse his failure to timely assert his rights. See Ruehl, 500 F.3d at 384 (explaining that a plaintiff

is not entitled to tolling based on an alleged legal misrepresentation because "he, like everyone, has access to the law"). Additionally, that plaintiff had to endure unfortunate personal hardships does not excuse his more than two-decade delay in filing suit. See Rockmore v. Harrisburg Property Serv., 2012 WL 4903045, at *3 (3d Cir. Oct. 17, 2012) (per curiam)("[T]he strict procedural requirements established by Congress[] . . . 'are not to be disregarded by courts out of a vague sympathy for particular litigants.'") (quoting Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam)).

**IV.     CONCLUSION**

For these reasons, the complaint must be dismissed.  Plaintiff will not be given leave to amend because amendment would be futile.  Additionally, plaintiff's request for appointment of counsel must be denied.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim").   An order accompanies this memorandum.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.